IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED ACCESS TECHNOLOGIES, LLC, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 11-339-LPS |
| | : | |
| CENTURYTEL BROADBAND SERVICES, | : | |
| LLC and QWEST CORPORATION, | : | |
| | : | |
| Defendants. | : | |
| | : | |

Stamatios Stamoulis and Richard C. Weinblatt, STAMOULIS & WEINBLATT LLC, Wilmington, DE.

Steven Callahan, Martin Robson, Anthony M. Garza, and C. Luke Nelson, CHARHON CALLAHAN ROBSON & GARZA, PLLC, Dallas, TX.

      Attorneys for Plaintiff.

Richard L. Renck, DUANE MORRIS LLP, Wilmington, DE.

L. Norwood Jameson, Matthew C. Gaudet, Alison H. Hutton, and David C. Dotson, DUANE MORRIS LLP, Atlanta, GA.

      Attorneys for Defendants.

**MEMORANDUM OPINION**

September 30, 2016
Wilmington, Delaware

**STARK, U.S. District Judge:**

# I.    BACKGROUND

On April 15, 2011, Plaintiff United Access Technologies, LLC ("Plaintiff") filed this lawsuit against Defendants CenturyTel Broadband Services, LLC and Qwest Corporation (collectively, "Defendants"), alleging infringement of U.S. Patent Nos. 5,884,596 ("the '596 patent"), 6,234,446 ("the '446 patent"), and 6,542,585 ("the '585 patent"). (D.I. 1) The patents-in-suit relate to industry-standard ADSL. (D.I. 80 at 3-8) Industry-standard ADSL involves communications between two modems: a modem at a customer's home and a modem belonging to the telephone company. The modem at the telephone company (called a "DSLAM") can be located in either a central office (CO-ADSL) or a remote terminal (RT-ADSL).

At the time this litigation was filed, United Access's predecessors-in-interest ("Inline") had already asserted the '596, '446, and '585 patents in another litigation, *Inline Connection Corporation v. EarthLink*, C.A. No. 1:02-cv-00272-MPT (D. Del) (the "*EarthLink* case"). In the *EarthLink* case, the defendants argued that, based on the Court's construction of the claim term "signal interface," CO-ADSL could not infringe the asserted patent. The Court granted summary judgment with respect to the accused CO-ADSL systems, and the case proceeded only with respect to EarthLink's RT-ADSL accused products. Ultimately, a jury found in favor of Defendants. The Federal Circuit later summarily affirmed this ruling. *See United Access Techs., LLC v. EarthLink, Inc.*, 432 F. App'x 976, 977 (Fed. Cir. 2011).

Following the jury trial in the *EarthLink* case, Defendants moved for Judgment on the Pleadings in this case. Defendants argued that the Summary Judgment ruling in *EarthLink*

1

established that Defendants' CO-ADSL products did not infringe Plaintiff's patents, while the

jury verdict established that Defendants' RT-ADSL products did not infringe.  (D.I. 42 at 4-8)

Based on these rulings, Defendants argued, the doctrine of collateral estoppel barred Plaintiffs'

claims.  This Court agreed and granted Defendants' Motion for Judgment on the Pleadings.  (D.I.

80 ("Collateral Estoppel Order"))  The Court then dismissed the case.

Plaintiffs appealed, and the Federal Circuit overturned the Collateral Estoppel Order.  The

Federal Circuit explained that collateral estoppel did not apply to the jury verdict, because the

*EarthLink* jury could have based its finding of non-infringement on either of two alternative

grounds: either a broad finding that RT-ADSL does not infringe the asserted patents in general or

a narrow finding related to the specific products at issue in that case.  *See United Access Techs.,*

*LLC v. Centurytel Broadband Servs. LLC*, 778 F.3d 1327, 1335 (Fed. Cir. 2015).  Because either

ground could have been the basis for the jury's decision, it was impossible to determine whether

the infringement issue presented in this case was "actually decided" in the *EarthLink* case.  *Id*. at

1331.

Now, on remand, Defendants have moved for Judgment on the Pleadings once more.

(D.I. 115)  They argue that, based on the summary judgment ruling in the *EarthLink* case,

collateral estoppel bars Plaintiff's claims that CO-ADSL products infringe the asserted patents.

(D.I. 116)

## II.    LEGAL STANDARDS

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

12(c), alleging a failure to state a claim upon which relief can be granted, is analyzed under the

same standard as a Rule 12(b)(6) motion to dismiss.  *See Turbe v. Gov't of Virgin Islands*, 938

F.2d 427, 428 (3d Cir. 1991). Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." A motion to dismiss requires a court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). Thus, a court may grant a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

The Court may consider matters of public record, and authentic documents upon which the complaint is based if attached to the complaint or as an exhibit to the motion. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). The Court may also take judicial notice of the factual record of a prior proceeding. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988). Ultimately, a motion for judgment on the pleadings can be granted "only if no relief could be afforded under any set of facts that could be proved." *Turbe*, 938 F.2d at 428.

## III.   DISCUSSION

Regional law determines the applicability of collateral estoppel in a patent case. *See e.Digital Corp. v. Futurewei Technologies, Inc.*, 772 F.3d 723, 726 (Fed. Cir. 2014). In the Third Circuit, collateral estoppel applies where: "(1) the previous determination was necessary to the decision; (2) the identical issue was previously litigated; (3) the issue was actually decided in a decision that was final, valid, and on the merits; and (4) the party being precluded from

3

relitigating the issue was adequately represented in the previous action." *Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency*, 126 F.3d 461, 475 (3d Cir. 1997). The parties do not dispute that United Access was fully represented in the *EarthLink* case and in the *EarthLink* appeal. Although Plaintiff disagrees with Defendants about whether the issue decided in the *EarthLink* summary judgment opinion – whether industry-standard CO-ADSL infringes the patents in suit – is identical to the issue presented in the pending motion in this case, Plaintiff does not dispute that the *EarthLink* parties actually litigated the issue of whether industry-standard CO-ADSL infringes. Thus, the parties' disputes are whether the ADSL issue in this case is identical to the ADSL issue in the *EarthLink* case and, if so, whether this issue was determined by a valid and final judgment in *Earthlink*.

A.      **Identical Issue, Actually Litigated**

Plaintiff argues that Defendants have not satisfied the identical issue prong of the collateral estoppel test because "[n]on-infringement is a two-step inquiry [requiring] the Court [to] (i) construe the claims and (ii) compare the accused products to the claims, properly construed." (D.I. 120 at 12) Although Plaintiff concedes that there are no material differences between the patent claims at issue in the two cases, Plaintiff argues that Defendants cannot establish collateral estoppel applies because Defendants have not shown that their accused products are identical to those at issue in *EarthLink*. (*Id*. at 16)

The Court settled this issue in its previous Collateral Estoppel Order, finding that the two sets of products are identical, and noting that Plaintiff had waived its opportunity "to identify meaningful differences between their accused products and those at issue in *EarthLink*." (D.I. 80 at 5, 9) This conclusion was not reversed or even affected by the Federal Circuit's decision or

4

mandate.  Thus, Defendants have demonstrated that their products are identical to those at issue in *EarthLink*.

### B.    Necessary to the Final Judgment

Plaintiff next argues that the partial summary judgment ruling in *EarthLink* was not necessary to the Federal Circuit's summary affirmance in that case.  This Court's ruling in the *EarthLink* summary judgment proceeding was based on this Court's construction of the claim term "signal interface."[1]  Based on that claim construction, this Court found that CO-ADSL could not infringe the asserted claims.

On appeal, the *EarthLink* defendants argued that the Federal Circuit could affirm this Court's judgment of non-infringement for CO-ADSL ***either*** based on this Court's construction of "signal interface," ***or for the independent reason*** that the jury verdict of non-infringement for RT-ADSL compelled a finding of non-infringement for CO-ADSL.  (D.I. 120 at 14)  Because the Federal Circuit summarily affirmed this Court, the panel did not state which of these reasons served as the basis for its decision.  Plaintiff argues, consequently, that Defendants cannot show that the claim construction rationale articulated by this Court was necessary to the Federal Circuit's affirmance.  (*Id.*)

In *TecSec, Inc. v. Int'l Bus. Machines Corp.*, 713 F.3d 1336, 1343 (Fed. Cir. 2013), the Federal Circuit addressed a similar scenario.  There, a district court had construed claim terms and granted summary judgment of non-infringement based on these constructions.  Although the district court described its claim constructions as "strictly necessary" to its decision, the Federal

---

[1]For simplicity, the Court describes the decisions of Chief Magistrate Judge Mary Pat Thynge in the *EarthLink* case as decisions of "the Court" or "this Court."

Circuit found that its judgment was "independently predicated on alternative grounds:" a failure

of proof as to the defendants' intent and the defendants' customers' acts, as well as a failure to

show that the defendants' software met certain claim limitations, as construed. *Id.* at 1343-44.

The Federal Circuit found that collateral estoppel could not apply where the lower court had

"determined two issues, either of which could independently support the result," because neither

was "necessary" to the final judgment. *Id.*

In *EarthLink*, this Court articulated only *one* rationale for its finding that CO-ADSL did

not infringe the asserted patents. But on appeal, the *EarthLink* defendants ***expressly advocated a***

***second, independent basis for affirming*** a finding of non-infringement: that the jury's rationale

for a finding of non-infringement of RT-ADSL would apply equally to CO-ADSL. (D.I. 121-2 at

3-4)[2]

Under the circumstances, there is ambiguity as to the basis on which the Federal Circuit

affirmed this Court's judgment, leaving an ambiguity as to whether the basis on which this Court

granted judgment to the *EarthLink* defendants was "necessary" to that judgment. Since the

Federal Circuit's summary affirmance neither "endorse[d] [n]or reject[ed] . . . the district court's

specific holdings" regarding claim construction, and because the claim constructions at issue here

are not necessary to one of the rationales for affirmance that the *EarthLink* defendants introduced

on appeal, it is simply not possible to say that this Court's claim constructions were necessary to

the Federal Circuit's decision. *See TecSec*, 731 F.3d at 1344. As a result, collateral estoppel

does not apply to this Court's decision in *EarthLink*.

---

[2]Defendants concede that the *EarthLink* defendants did make this second, independent
argument for affirmance in the *EarthLink* appeal.

The Court's conclusion is supported by the Third Circuit's decision in *Leyse v. Bank of Am., Nat. Ass'n*, 538 F. App'x 156, 159 (3d Cir. 2013) ("*Leyse II*"), in which that Court declined to apply collateral estoppel where there was "at least some ambiguity" as to which of multiple alternatives formed basis of appellate court's summary affirmance.[3]  In *Leyse II*, the Third Circuit considered the estoppel effect of the Second Circuit's earlier summary affirmance of a decision from the Southern District of New York in *Leyse I*.  *See Leyse v. Bank of Am., Nat. Ass'n*, No. 09 CIV. 7654 (JGK), 2010 WL 2382400 (S.D.N.Y. June 14, 2010) *("Leyse I")*.

At the district court level, the defendant in *Leyse I* argued that dismissal of the case was appropriate for two independent reasons: that the plaintiff lacked standing to sue under the federal statute at issue in the case and that state law prohibited the plaintiff from bringing a class action lawsuit under that statute.  *See Leyse*, 2010 WL 2382400, at *2.  The district court dismissed the case solely for lack of standing, declining to decide whether state law also provided an independent and sufficient ground for dismissing the case.  *See id*. at *6.  The plaintiff appealed the district court's dismissal.  The Second Circuit summarily affirmed the district court's decision to dismiss the case without explicitly stating the reasons for its affirmance.  *Id*. at 159.

In evaluating the estoppel effect of *Leyse I*, the Third Circuit found in *Leyse II* that collateral estoppel was "not applicable" because there was "at least some ambiguity as to" which of the two alternative grounds for dismissal was the basis of the Second Circuit's affirmance of the district court decision in *Leyse I*.  *Id*. at 158-60.  As such, the Third Circuit found that

---

[3]At the hearing on this motion, the parties disagreed about the relevance of the Third Circuit's non-precedential decision in *Leyse*, and submitted follow-up letter briefs addressing its pertinence to the present case.  (D.I. 133, 134)

collateral estoppel did not bar plaintiff from bringing a new district court case "alleging the same

claims, and based on the same set of facts, as the two prior actions." *Id.*

The Third Circuit's decision in *Leyse II* was predicated on a finding that there was "at

least some ambiguity" as to the basis of the Second Circuit's decision to dismiss the plaintiff's

earlier claims. The same is true here. In this case, as in *Leyse II*, Defendants allege that the

appellate court's summary affirmance bars Plaintiff's claims. In this case, as in *Leyse II*, the

summarily-affirmed district court decision addressed the merits of only one possible ground for

its decision, despite the fact that the record (in *Leyse* the district court record; in *EarthLink* the

appellate record, based on the defendants' arguments) discussed alternative grounds. Finally, the

result in this case, as in *Leyse II*, is that there is "some ambiguity" about which ground for

dismissal was the basis of the appellate court's decision to summarily affirm the district court's

judgment.[4]

Admittedly, the precise source of the ambiguity here differs from the source of ambiguity

in *Leyse II*. And the Court has concerns that Plaintiffs' view, if pressed too far, would eliminate

---

[4]Defendants argue that this case is distinct from *Leyse II* because the record in *Leyse II* strongly suggested that one of the two grounds had been the basis of the Second Circuit's decision. (*See* D.I. 134 at 2) The Third Circuit noted this evidence, going so far as to say that the Second Circuit in *Leyse I* "appears to have relied upon" one ground rather than the other. *Leyse II*, 538 Fed. App'x at 159-60. This information was relevant because, in the Third Circuit, summary affirmance based on "independently sufficient alternative" grounds is a basis for collateral estoppel as to ***both*** grounds. *See id.* at 160. Thus, had the record indicated that both grounds provided a sufficient basis for dismissal, the summary affirmance would have had issue preclusive effect in *Leyse II*. While in this case there is no similar evidence suggesting that the appellate court based its decision on one argument rather than the other, there is also no evidence that the Federal Circuit considered both of the presented arguments to be "independently sufficient alternative grounds" for a finding of non-infringement, each of which would estop Plaintiff from asserting infringement now. Thus, Defendants' distinction between the facts of this case and the facts of *Leyse II* does not undermine the Court's conclusion that collateral estoppel does not apply.

all possibility of collateral estoppel effect from cases that terminate with a Rule 36 affirmance –

an outcome that cannot be correct.  *See, e.g., Ho Keung Tse v. Apple Inc.*, 635 F. App'x 864, 865

(Fed. Cir. 2015) (giving collateral estoppel effect to district court decision that was summarily

affirmed under Rule 36); *Brain Life LLC v. Elecktra Inc.*, 746 F.3d 1045, 1050 (Fed. Cir. 2014)

(same).  However, under the specific circumstances here – where there is "some ambiguity" as to

whether an issue was "necessarily decided" in a prior case, and that ambiguity arises from a

party's express appellate argument for affirmance on alternative, independent grounds that are

supported by the record in the district court case – the Court feels compelled to conclude that

Defendant has failed to show that collateral estoppel applies.  *See also Leyse II*, 538 F. App'x at

160 (stating that summary affirmance does not have preclusive effect unless basis for affirmance

is clear) (citing *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 255 (3d. Cir.

2006)); *De Sollar v. Hanscome*, 158 U.S. 216, 221 (1895) ("[I]t is of the essence of estoppel by

judgment that it is certain that the precise fact was determined by the former judgment.").

IV.    **CONCLUSION**

The Court will deny Defendants' motion.  An appropriate Order follows.